09-4164
Cimino v. Glaze

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand thirteen.

PRESENT:
> ROSEMARY S. POOLER,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

_____

RAYMOND CLAIR CIMINO,

>  *Plaintiff-Appellant*,

>  v.                                                    09-4164

MARK GLAZE, INDIVIDUALLY AND IN HIS
CAPACITY AS POLICE OFFICER FOR THE
CITY OF ROCHESTER, MICHAEL MARCANO,
INDIVIDUALLY AND IN HIS CAPACITY AS
POLICE OFFICER FOR THE CITY OF
ROCHESTER.[1]

>  *Defendants-Appellees*.

_____

Appearing for Appellant:      RAYMOND CLAIR CIMINO, *Pro Se*, Attica, NY.

---

[1] The Clerk of the Court is directed to change the caption as set out above.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Raymond Clair Cimino, proceeding *pro se*, appeals from the district court's judgment dismissing his complaint under 42 U.S.C. § 1983 after a jury verdict in favor of defendants Michael Marcano and Mark Glaze. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We address only Cimino's challenge to the jury's verdict on his excessive force claim, as he does not challenge the district court's pre-trial and post-verdict dismissals of his remaining claims. *LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). We review Cimino's evidentiary challenges for abuse of discretion. *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010). The district court did not abuse its discretion in admitting Cimino's unsigned statement as a party admission because the officer who created the statement provided a proper foundation for its admission. Fed. R. Evid. 104(b); *see also United States v. Rommy*, 506 F.3d 108, 139 n.20 (2d Cir. 2007) (finding that a detective's identification of the defendant's voice "provided an adequate foundation for the district court to admit the substance of his recorded statements for their truth as party admissions"). The district court did not abuse its discretion in excluding General Order 530, as the Order regulates vehicle pursuits and was therefore not relevant to Cimino's excessive force claim. Finally, the district court did not abuse its discretion by allowing into evidence Cimino's past criminal convictions and current incarceration, as it found that Cimino had opened the door to discussion of this information when he testified to those facts on direct examination. *United States v. Beverly*, 5 F.3d 633, 639-40 (2d Cir. 1993).

Contrary to Cimino's contention, neither the testimony of the defense witnesses nor defense counsel's objections during closing support a finding of misconduct that warrants a new trial. None of the testimony Cimino cites supports a finding of perjury. *See United States v. Sanchez*, 969 F.2d 1409, 1415 (2d Cir. 1992) (noting that "[d]ifferences in recollection alone do not add up to perjury"). The testimony that Cimino cites as inflammatory was relevant to the officer's motivation in the incident in question. *See United States v. Maddox*, 444 F.2d 148, 151 (2d Cir. 1971) (finding that testimony was not inflammatory if highly relevant to a subject at issue). Furthermore, defense counsel's objections during closing were not patently unwarranted, particularly given the numerous references to evidence not in the record, and were cumulatively harmless. *Cf. United States v. Busic*, 592 F.2d 13, 36-37 (2d Cir. 1978) (finding no prejudice by district court's interruptions during closing when they were well-warranted and any prejudice that resulted was cured by instructions to the jury).

Finally, Cimino's arguments challenging the jury instructions are also without merit. We review jury instructions *de novo*, finding error only if "the jury was misled about the correct legal standard or was otherwise inadequately informed of controlling law." *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 146 (2d Cir. 2010) (internal quotation marks omitted). Here, the district court applied the proper standard and instructed the jury to consider what a reasonable officer would have done in the defendants' position at the time of the shooting, *Amnesty Am. v.*

*Town of W. Hartford*, 361 F.3d 113, 123 (2d Cir. 2004), and that it was not to consider the internal police report finding that the defendants violated a police regulation as requiring a finding that they violated Cimino's constitutional rights, *see Doe v. Conn. Dep't of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990) ("A violation of state law [does not] give[] plaintiffs a § 1983 claim . . . ." (internal brackets and quotation marks omitted)).

We have considered all of Cimino's remaining arguments and found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
